NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MITZI ANN MCCLAREN, | No.   17-15739 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-01254-DMF |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Deborah M. Fine, Magistrate Judge, Presiding**

Submitted July 7, 2020***
Seattle, Washington

Before:  HAWKINS, D.M. FISHER,**** and M. SMITH, Circuit Judges.

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The parties stipulated to proceedings before a U.S. Magistrate Judge.

\*\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*\*        The Honorable D. Michael Fisher, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

Mitzi Ann McClaren appeals the district court's ruling partially affirming and partially reversing the Commissioner's denial of disability benefits. McClaren argues that the Administrative Law Judge ("ALJ") erred not only in failing to call a vocational expert as the district court ruled, but also in discounting both the medical opinion of treating rheumatologist Joy Schechtman, D.O., and McClaren's symptom testimony. We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g), and we affirm and remand with instructions.

The ALJ gave "specific and legitimate reasons that are supported by substantial evidence" in giving "little weight" to Dr. Schechtman's opinions. *See Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quotation marks omitted). The ALJ observed inconsistencies between Dr. Schechtman's opinions, whose proposed restrictions exclude explanation, and her treatment notes, which omit any such restrictions on McClaren's abilities. Those notes indicate successful treatment of "most of [McClaren's] pain," normal strength, sensation, and range of motion with minimal or no joint synovitis, no functional loss in her shoulders despite some continued pain, and increasing amounts of recommended exercise over the relevant period. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (crediting "incongruity" between physician opinion and treatment notes as specific and legitimate reason). The ALJ's reliance on the assessments of non-examining Drs. Schenk and Georss, each of whom cited extensively to McClaren's medical record

in offering their less restrictive assessments, was likewise specific, legitimate, and substantially supported. *See Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) ("The opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record.").

These and other considerations also provide a "specific, clear and convincing" basis for the ALJ's adverse credibility determination for McClaren's symptom testimony. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quotation marks omitted). The ALJ did not discount McClaren's symptom testimony based solely on her engagement in doctor-recommended exercise or inconsistencies with objective medical evidence, which cannot provide the sole basis for an ALJ's credibility determination. *See Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) (applicant can exercise "*despite* pain for therapeutic reasons" without being fit for work); *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (lack of objective medical evidence alone insufficient to reject symptom testimony). The ALJ offered additional reasons: McClaren made considerable progress as observed in Dr. Schechtman's and other providers' treatment notes, reported feeling well enough to reduce her liver and pain medications to try to become pregnant, cared for her child and new puppy in her husband's regular absence, and worked only sporadically even before her disability onset date. *See Warre v. Comm'r of Soc. Sec.*

*Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits."); *Rollins*, 261 F.3d at 857 (applicant responsibility as sole childcare provider in husband's regular absence at odds with symptom testimony); *Thomas*, 278 F.3d at 959 (crediting "spotty" pre-claim work history as reason to discount symptom testimony). Therefore, we decline to second-guess the ALJ's finding.

Finally, the district court did not err in remanding for further proceedings after finding that the ALJ had only erred in not obtaining vocational expert testimony. The parties do not relitigate the vocational expert issue here. Nor do we see any reason to depart from the "ordinary remand rule" governing our review of agency judgments. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014). Still, lest there be any confusion about the proceedings on remand, we now state explicitly that the continued uncertainty as to McClaren's eligibility for benefits warrants remand for further proceedings on an open record. *See Burrell v. Colvin*, 775 F.3d 1133, 1141–42 (9th Cir. 2014) (remanding for further proceedings on an open record where claimant's disabled status remains uncertain). And we instruct the district court to include the same instruction in its order remanding this matter to the ALJ.

**AFFIRMED and REMANDED with instructions.**